IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-78,034-02






EX PARTE JUAN ANTONIO MALTOS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 5656 IN THE 109TH DISTRICT COURT


FROM ANDREWS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of evading arrest
and sentenced to two years' imprisonment. He did not appeal his conviction.

 Applicant contends that trial counsel failed to explain how Applicant's guilty plea would
affect his status as an immigrant. Applicant has alleged facts that, if true, might entitle him to relief. 
Strickland v. Washington, 466 U.S. 668 (1984); Padilla v. Kentucky, 130 S. Ct. 1473, 1483 (2010). 
In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d
294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The
trial court shall order trial counsel to respond to Applicant's claim. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 Applicant appears to be represented by counsel. If he is not and the trial court elects to hold
a hearing, it shall determine whether he is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex.
Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether: (1)
Applicant's sentence has discharged and federal removal proceedings have been initiated; (2)
counsel's advice regarding deportation was deficient; and (3) but for counsel's advice, Applicant
would have insisted on a trial. Hill v. Lockhart, 474 U.S. 52 (1985). The trial court shall also make
any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: January 9, 2013

Do not publish